1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll – SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs
Coachella Music Festival, LLC and
Goldenvoice, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AFROCHELLA LIMITED; BBNZ LIVE LIMITED; CULTURE MANAGEMENT GROUP LIMITED; and DOES 1-20, <br><br> Defendants. | Case No.: 2:22-cv-07275 <br><br> **COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; CYBERSQUATTING; AND UNFAIR COMPETITION** <br><br> **DEMAND FOR TRIAL BY JURY** |

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

Plaintiffs Coachella Music Festival, LLC ("CMF") and Goldenvoice, LLC (collectively, "Plaintiffs") by and through their attorneys, Tucker Ellis LLP, file their complaint against Defendants BBNZ Live Limited, Afrochella Limited, Culture Management Group Limited, and Does 1-20 (collectively, "Defendants") for injunctive relief and damages as follows:

Plaintiffs allege upon actual knowledge with respect to themselves and their own acts and on information and belief as to all other matters.

## **INTRODUCTION**

1.     Held annually,[1] Plaintiffs' Coachella Valley Music & Arts Festival ("COACHELLA") is one of the most critically acclaimed music and art festivals in the world, with multiple bands, artists, food vendors, and stages. COACHELLA is a sold-out multi-day event which attracts hundreds of thousands of attendees to Southern California each April. CHELLA is a separate festival established by Plaintiffs in 2018, and is held in between the two weekends of COACHELLA.

2.     Despite having no association with Plaintiffs or their COACHELLA or CHELLA festivals, Defendants are intentionally trading on the goodwill of Plaintiffs' well-known COACHELLA and CHELLA festivals and trademarks by actively promoting music events in the United States and in Ghana using the confusingly similar mark "AFROCHELLA" and by fraudulently attempting to register Plaintiffs' actual trademarks as their own.

3.     Defendants (a) promote, market, and advertise a multi-day music and arts festival in Ghana, Africa, which they named AFROCHELLA, and (b) have registered a website, accessible at afrochella.com to promote their festival. One of Defendants' founders, Edward Elohim aka Edward Asafu Adjei ("Elohim"), admitted via a public post

---

[1] The COACHELLA and CHELLA festivals were not held in person in 2020 and 2021 due to the COVID-19 pandemic; however, a YouTube Original documentary, "Coachella: 20 Years in the Desert" debuted online on April 10, 2020 and has been viewed at over 6,793,000 times. The COACHELLA and CHELLA festivals returned in person in 2022.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

on his Twitter account (@deezydothis) that Defendants purposely chose the name AFROCHELLA with specific intent to create a suggestion that it was a version of COACHELLA , as evidenced by this exchange from Mr. Elohim's public Twitter account:



4.    Not simply content to imitate and attempt to trade on the goodwill of CHELLA and COACHELLA, Defendants even went so far as to apply in Ghana to register COACHELLA and CHELLA as their own trademarks, using the *exact* same stylization as Plaintiffs' registered COACHELLA (stylized) mark.

| Plaintiffs' Stylized Mark | Defendants' Applications in Ghana |
|---|---|
| *E.g.*, Registration No. 3,196,129 | CHELLA<br>App. No. GH/T/2019/000374[2]<br>COACHELLA<br>App. No. GH/T/2019/000356[3] |

5.    Plaintiffs have initiated litigation in Ghana to enjoin Defendants' ongoing trademark infringement and unfair competition in Ghana, and CMF has filed a separate

---

[2] Plaintiff CMV successfully opposed the CHELLA application in Ghana.

[3] Defendants' COACHELLA (stylized) application in Ghana is awaiting substantive examination, and Plaintiff CMF intends to oppose the application as soon as the mark publishes.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

action to oppose Defendants' application for the AFROCHELLA mark at the Intellectual Property Office in Ghana; the latter proceeding is believed to be suspended pending the outcome of the parties' civil litigation in that country.

6.      However, this year Defendants expanded their infringing conduct into the United States by promoting, presenting, and/or sponsoring at least seven different music events using the mark "AFROCHELLA" in the Los Angeles area, and have refused to curtail their infringing use of Plaintiff's registered marks, necessitating the filing of this federal lawsuit.

7.      Plaintiffs have no objection to Defendants holding musical events or festivals of their own—whether in the United States, Ghana, or elsewhere—but Defendants must adopt and use an event name and mark that avoid a likelihood of consumer confusion and false association with with Plaintiffs' COACHELLA and CHELLA festivals and with the COACHELLA Marks (as defined herein). Despite repeated requests from Plaintiffs, Defendants have refused to adopt their own distinctive event name and marks, and as a result, instances of actual confusion have already appeared on social media:



8.      Accordingly, Plaintiffs have been forced to file this action to protect their CHELLA and COACHELLA trademarks and service marks from infringement and unfair competition, as well as to protect the public from the likelihood of confusion. And while the Ghanaian litigation seeks injunctive relief and damages for Defendants' infringement

in Ghana, this lawsuit seeks injunctive relief and damages for Defendants' willful infringement in the United States and to protect the public here from confusion.

## JURISDICTION AND VENUE

9.     This is an action for trademark and service mark infringement under the Lanham Act, 15 U.S.C. § 1114, trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), state unfair competition under the California Business and Professions Code § 17200, *et seq.*, and violations of the common law.

10.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

11.     This Court has supplemental jurisdiction over the state law claims set forth herein under 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

12.     This Court has personal jurisdiction over all Defendants because Defendants conduct systematic and continuous business within California related to the unlawful activities at issue in this Complaint. Defendants continuously and systematically solicit business from, and conduct business with, California residents using the Internet through one or more fully interactive websites, accept payments from California residents, deliver infringing services to residents of California, and advertise through one or more California companies. In addition, Defendants have undertaken acts of trademark and service mark infringement, false designation of origin, and unfair competition that were purposefully directed at California, with knowledge that the brunt of the injury would be felt by Plaintiffs in California.

13.     If Defendants assert that personal jurisdictional does not properly lie in California or in another state in the United States, this Court has personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure because (i) this action involves claims that arise under federal law and (ii) Defendants conduct systematic and continuous business within the United States related to the unlawful activities at issue in this Complaint. Defendants continuously and systematically solicit business from and conduct

business with United States residents using the Internet through one or more fully interactive websites, accepting payments from United States residents, delivering infringing services to residents of the United States, and advertising through one or more United States companies. In addition, Defendants have undertaken acts of trademark and service mark infringement, false designation of origin, and unfair competition that were purposefully directed at the United States with knowledge that the brunt of the injury would be felt by Plaintiffs in the United States.

14.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES

15.     Plaintiff Coachella Music Festival, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Los Angeles, California. Coachella Music Festival, LLC owns the intellectual property rights to COACHELLA and to CHELLA.

16.     Plaintiff Goldenvoice, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Los Angeles, California. Goldenvoice, LLC produces the COACHELLA and CHELLA festivals.

17.     Defendant Afrochella Limited is a limited liability company organized and existing under the laws of the Republic of Ghana, having a principal place of business at 197/088 Asafotse Street, P.O. Box STC 476, Accra, Ghana. Upon information and belief, Afrochella Limited deals in general supply, food, and water production; organizes the AFROCHELLA festival; conducts audio-visual production and event management for the AFROCHELLA festival; and advertises and sells tickets, travel tours, and more for the AFROCHELLA festival on afrochella.com, which it also owns and operates.

18.     Defendant BBNZ Live Limited is a limited liability company organized and existing under the laws of the Republic of Ghana, having a principal place of business at C 103/5, Stephen Anartey, Close Nima Residential Area, Accra, Ghana. Upon information and belief, BBNC Live Limited deals in event management, advertising, radio production, television production, public relations and artist management in the Republic of Ghana. Upon information and believe, Defendant BBNZ Live Limited is a shareholder of Afrochella Limited. BBNZ Live Limited also selling tickets, travel tours, and more for the AFROCHELLA festival, including on afrochella.com. BBNZ Live Limited incorrectly asserts that it owns trademark rights in the infringing AFROCHELLA mark in Ghana.

19.     Defendant Culture Management Group Limited is a limited liability company organized and existing under the laws of the Republic of Ghana, having a principal place of business at 197/088 Westlands Avenue, Near Westland Taxi Rank, P.O. Box STC 476, Accra, Ghana. Upon information and belief, as the parent company for Afrochella Limited, Culture Management Group Limited deals in culture media production in art, music, food, fashion, and entertainment; event product planning; and merchandise for the AFROCHELLA festival, for which it advertises and sells tickets, travel tours, and more for the AFROCHELLA festival on afrochella.com. On information and belief, Elohim is the founder and—until a recent falling out—president of Defendant Culture Management Group Limited.

20.     Plaintiffs are not aware of the true names and capacities of Defendants named in this Complaint as Does 1-20, inclusive, and therefore brings this action against these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege these Defendants' true names and capacities when ascertained.

21.     At all times material to this action, each of the Defendants was the agent, servant, employee, partner, *alter ego*, direct participant, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Defendants; and, each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

## PLAINTIFFS' CHELLA AND COACHELLA MUSIC FESTIVAL, TRADEMARKS, AND SERVICE MARKS

22.     Plaintiffs own and, with their partners, produce COACHELLA, one of the country's premier music and arts festivals. Printouts of several news stories about COACHELLA are attached to this Complaint as Exhibit 1. The caption from one photograph accompanying a story from CNN reads, "[a]n aerial view taken from a helicopter on Sunday shows how big the [2011] festival is."

23.     Held annually at the Empire Polo Club in the beautiful Southern California desert, COACHELLA is one of the most critically acclaimed music festivals in the world. The entire festival site, which includes the festival grounds, on-sight camping, parking and support operations, encompass over 800 acres.

24.     COACHELLA was first held in October 1999 and drew some 25,000 attendees into the California desert in Southern California. Over the years,[4] both COACHELLA's attendance and its prominence have grown. Attendance to the sold-out COACHELLA festival, aggregated over the multi-day event, is estimated at 750,000 attendees.

25.     For the past several years when the festival has been held, including in 2022, tickets to COACHELLA have sold out, typically in about an hour. Printouts of several news stories about COACHELLA selling out are attached to this Complaint as Exhibit 2.

26.     COACHELLA mixes some of the most groundbreaking artists from all genres of music along with a substantial selection of art installations from all over the world. COACHELLA attracts some of the world's biggest mega-stars to perform. The list of artists who have performed include: Beyoncé, Beastie Boys, Bjork, Cardi B, Coldplay,

---

[4] COACHELLA was next held in April 2001 and has been held annually thereafter, except as mentioned above in 2020 and 2021, when the festival was postponed due to the COVID-19 pandemic.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Daft Punk, Dr. Dre & Snoop Dogg, Foo Fighters, Guns N' Roses, Jane's Addiction, Jay-Z, Kanye West, Lady Gaga, Leonard Cohen, Madonna, Paul McCartney, Prince, Radiohead, Red Hot Chili Peppers, The Cure, and The Weeknd, to list only a very few.

27.    COACHELLA is about more than just music. The festival's venue also includes camping facilities for some 15,000 attendees (complete with a karaoke lounge and a general store), and a curated selection of food and beverages from a wide variety of restaurants, ranging from pizza to a catered multi-course sit-down dining experience. The festival also features an extensive art exhibit which includes many pieces of art (including sculpture and so-called "interactive" art). The music, the food, the art, and of course, the fellowship of other attendees, taken together, makes COACHELLA more than just a concert to attend—it truly is an experience.

28.    Plaintiffs also use their COACHELLA Marks in connection with the provision of travel and accommodations packages for attendees to the COACHELLA festival. For instance. Plaintiffs' authorized licensee, Valley Music Travel, arranges transportation to the festival, accommodations at the festival, and even customizable concierge packages to enhance the festival-going experience.

29.    In addition to the licensed travel and accommodation packages offered through Valley Music Travel, Plaintiffs have, since at least as early as 2010, provided numerous lodging options at COACHELLA festival under the COACHELLA Marks, including hotel accommodation services. By way of example, festival attendees had the option to rent luxury on-site Safari "tent" accommodations. These Shakir-style tents offer all the comforts of a traditional hotel room, including a private check-in area, on-sites at the COACHELLA festival.

30.    The COACHELLA festival is widely recognized for its fashion and has developed a reputation as an unofficial kick-off to summer styles, attracting sponsorships from recognized and esteemed international brands such as Hennes & Mauritz, Ray-Ban, BMW, Adidas, Swarovski, and more.

31.     Plaintiffs promote the festival on COACHELLA's website, which they own and operate and which is available at www.coachella.com. This website received over 20 million page views in 2019 and hosted nearly 8.5 million users over nearly 12 million sessions. Screen captures of Plaintiffs' current website, available at www.coachella.com, are attached to this Complaint as Exhibit 3.

32.     Plaintiffs also produce a mobile app for COACHELLA for use on iPhone / iPad and Android devices. Screen captures of the COACHELLA app from iTunes and Google are attached to this Complaint as Exhibit 4.

33.     Plaintiffs extensively promote their COACHELLA festival through a variety of media, including via the Internet on its website, available at www.coachella.com, and on numerous social media sites including Facebook, Twitter, and Instagram, to list a few. Screen captures of COACHELLA's Facebook, Twitter, and Instagram accounts are attached to this Complaint as Exhibit 5. As can be seen from Exhibit 5, COACHELLA's Facebook page has about 2.3 million likes; its Twitter account is being followed by over 1 million Twitter users; and its Instagram account is being followed by over 2.4 million Instagram users.

34.     Plaintiffs and their affiliates have invested substantial sums in media and related content to promote COACHELLA.

35.     An Internet search using the Google search engine for the phrase "COACHELLA music festival" provided over 18.1 million hits; a cursory review of the results shows nearly every hit was related to Plaintiffs' festival; and the first search result was to Plaintiffs' www.coachella.com website.

36.     Tracked online media impressions (advertisements) for COACHELLA from March 29, 2019 through May 3, 2019 exceeded 130 million impressions.

37.     Over 500 credentialed journalists, from print media, radio, television, and the Internet reported live from the 2019 COACHELLA festival. The journalists represented media outlets such as Time, Billboard, and the BBC.

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

38.   Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA trademark and service mark, having used the mark in connection with the festival and related goods and services since the first COACHELLA festival in 1999.

39.   Similarly, Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA (stylized) trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999. A copy of the design mark is depicted below:

## COACHELLA

40.   Plaintiffs also own the exclusive trademark and service mark rights to the distinctive COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999.

41.   Plaintiffs also own the exclusive trademark and service mark rights to the distinctive CHELLA trademark and service mark, which Plaintiffs use in connection with a variety of goods and services associated with *Chella Celebrando La Comunidad*, aka CHELLA, a smaller community festival, which is held in between the two weekends of COACHELLA.

42.   CHELLA has been held annually since 2018 (except in 2020 and 2021, due to the COVID-19 pandemic) and promotes Latinx musicians and celebrates the Latinx community.  Although smaller that its sister festival, CHELLA is known around the world and has established trademark rights not only in the United States, but also in countries including Australia, China, Hong Kong, Korea, and New Zealand. Artists such as Los Tucanes de Tijuana, Los Angeles Azules, Ocho Ojos, Cuco, and Mon Laferte have performed at both CHELLA and COACHELLA.

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

43.     The  COACHELLA,  COACHELLA  (stylized),  CHELLA,  and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL marks are collectively referred to in this Complaint as the "COACHELLA Marks."

44.     Since 1999, Plaintiffs' (and their predecessors'-in-interest) use of the COACHELLA Marks has been extensive, continuous, and substantially exclusive.

45.     COACHELLA and the COACHELLA Marks have been the subject of extensive newspaper articles, magazine articles, television and Internet news stories. *See* Exhibits 1-2.

46.     Plaintiffs and their affiliates have made, and continue to make, a substantial investment of time, effort and expense in the production and promotion of COACHELLA, CHELLA, and the COACHELLA Marks.

47.     The COACHELLA Marks are unique and distinctive and, as such, designate a single source of origin.

48.     As a result of Plaintiffs' efforts and use, the COACHELLA Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiffs' CHELLA and COACHELLA.

49.     Plaintiffs and their affiliates have entered into a very limited number of highly sought-after licenses to use the COACHELLA Marks.

50.     Similarly, Plaintiffs and their affiliates have entered into a limited number of official sponsorships of COACHELLA and CHELLA and have been highly selective regarding authorized or permitted use of the COACHELLA Marks by third parties.

51.     For instance, Vallarta Supermarkets and the City of Indio (California) sponsor CHELLA, and American Express, Heineken, Absolut, and YouTube are sponsors of the COACHELLA festival, all in connection with the COACHELLA Marks.

52.     Plaintiffs expend substantial effort and expense to protect the COACHELLA Marks' distinctiveness in the marketplace. Plaintiffs and their affiliates extensively police unauthorized use of the COACHELLA Marks and have sent countless cease and desist

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

letters, and made countless telephone calls, to combat misuse or unauthorized use of the COACHELLA Marks.

53.   Plaintiffs have filed numerous domain name complaints to remedy the registration or use of identical or confusingly similar Internet domain names.

54.   Plaintiffs have filed numerous oppositions to other similar marks, including an opposition to Defendants' application to register the AFROCHELLA mark in Ghana. Subsequent to the filing of this opposition proceeding, Plaintiff CMF sued Defendants in Ghana, apparently causing the Industrial Property Office of Ghana to informally suspend the opposition pending the outcome of that lawsuit.

55.   Based on Plaintiffs' use, including the use described herein, Plaintiffs own extensive common law trademark rights in the COACHELLA Marks.

56.   In addition to their extensive common law rights, CMF owns numerous United States registrations for the COACHELLA Marks. Specifically, CMF owns:

a.   United States Service Mark Registration No. 3,196,119 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

b.   United States Trademark Registration No. 4,270,482 for COACHELLA;

c.   United States Service Mark Registration No. 3,196,129 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

d.   United States Trademark Registration No. 4,266,400 for COACHELLA (stylized);

e.   United States Trademark Registration No. 5,235,905 for COACHELLA;

f.   United States Trademark Registration No. 5,235,903 for COACHELLA (stylized);

g.   United States Service Mark Registration No. 3,196,128 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

h.     United States Trademark Registration No. 3,965,563 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; and

i.     United States Trademark Registration No. 4,008,651 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL;

j.     United States Trademark Registration No. 5,075,233 for CHELLA; and

k.     United States Trademark Registration No. 5,520,063 for CHELLA.

The registration certificates for each registration are attached to this Complaint as Exhibit 6.

57.     Having been widely promoted to the general public, and having exclusively identified Plaintiffs and their goods and services, the COACHELLA Marks symbolize the tremendous goodwill associated with Plaintiffs and Plaintiffs' festivals.

58.     The COACHELLA Marks are a property right of incalculable value.

59.     The COACHELLA Marks have for many years enjoyed unquestionable fame as a result of the favorable general public acceptance and recognition.

## **DEFENDANTS' INFRINGING CONDUCT**

*Defendants Have Used the Infringing AFROCHELLA Mark with Full Knowledge of and the Intent to Tradeoff the Goodwill of the COACHELLA Marks*

60.     Defendants operate the AFROCHELLA festival in Accra, Ghana, which has been described in the Ghanaian media as "the [African] continent's answer to Coachella." A copy of one such article is attached as Exhibit 7.

61.     According to the website accessible at afrochella.com, the next AFROCHELLA festival is scheduled for December 28-29, 2022. Screenshots from this website are attached as Exhibit 8.

62.     The website accessible at the afrochella.com domain name shows that the AFROCHELLA festival features on music, art, food, and fashion, just as the COACHELLA festival does. *See id.*

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

63.     The similarities between the AFROCHELLA and COACHELLA festivals are no accident, and Defendants have made no secret of the fact that they are attempting to trade on the goodwill of COACHELLA and the COACHELLA Marks.

64.     According to AFROCHELLA co-founder Elohim's Twitter account (@deezydothis), Mr. Elohim previously attended COACHELLA in 2018. A copy of this Tweet is attached as Exhibit 9.

65.     Now, Mr. Elohim freely admits on his Twitter account his intent for AFROCHELLA to imitate COACHELLA:



A copy of this Tweet is attached as Exhibit 10.

66.     Defendants are not content to simply seek to imitate COACHELLA; they have also blatantly sought to trade on its goodwill.

67.     For instance, Defendants unsuccessfully attempted to register as trademarks in Ghana Plaintiffs' COACHELLA (stylized) mark and Plaintiffs' CHELLA mark in the *exact* same stylization used by Plaintiff:[5]

---

[5] CMF possesses its own registrations in Ghana for the COACHELLA (stylized) and CHELLA marks.

| | |
|---|---|
| ![COACHELLA stylized mark]<br>E.g., Registration No. 3,196,129 | CHELLA<br>App. No. GH/T/2019/000374[6]<br><br>COACHELLA<br>App. No. GH/T/2019/000356[7] |
| **Plaintiffs' Stylized Mark** | **Defendants' Applications in Ghana** |

68.     Defendants also unsuccessfully attempted to register the AFROCHELLA mark in Ghana. Plaintiff CMF initiated an opposition proceeding that remains pending.

69.     In additional to having tried—unsuccessfully to date—to register the mark AFROCHELLA in Ghana, Defendants have also sought to register the mark AFROCHELLA in the United States by filing a trademark application (the "Application") with the United States Patent and Trademark Office ("USPTO") for various entertainment services in International Class 41. The Application was assigned Serial No. 87/779,676. A copy of the Application is attached as Exhibit 12, and the applied-for mark appears below:



---

[6] Plaintiff CMF successfully opposed the CHELLA application in Ghana. A copy of the decision by the Ghana Registrar of Trademarks sustaining Plaintiff Coachella Music Festival, LLC's opposition to CHELLA in Ghana is attached as Exhibit 11.

[7] Defendants' COACHELLA (stylized) application in Ghana is awaiting substantive examination, and Plaintiff CMF intends to oppose the application as soon as the mark publishes.

70.    On May 16, 2018, the USPTO issued an Office Action refusing registration of the Application based on a likelihood of confusion with Plaintiffs' CHELLA mark. A copy of this Office Action is attached as Exhibit 13.

71.    Defendants never responded to the USPTO Office Action refusing to register the AFROCHELLA mark, and the USPTO issued a Notice of Abandonment for the Application on December 12, 2018. A copy of this Notice of Abandonment is attached as Exhibit 14.

72.    Multiple governments' trademark agencies, including the USPTO, have either advised Defendants that AFROCHELLA is confusingly similar to the COACHELLA marks or have advised Defendants that they do not have rights in the CHELLA mark (or both). Nevertheless, Defendants have continued using the AFROCHELLA mark in the United States in violation of Plaintiffs' state and federal rights.

73.    Plaintiffs' counsel sent Defendants multiple cease and desist letters regarding Plaintiffs' rights in the COACHELLA Marks and Defendants' use of AFROCHELLA in connection with live music and entertainment, including on or about November 14, 2019 (Ghanaian-related activities) and on April 19 and May 25, 2022 (U.S.-related activities). Copies of these cease-and-desist letters are attached as Exhibit 15.

### *Defendants' Use of the afrochella.com Domain Name*

74.    Defendants engage in a wide variety of promotions and advertising relating to the AFROCHELLA festival, including extensive marketing efforts in and directed to the United States.

75.    As their primary mechanism for promoting the AFROCHELLA festival in both Ghana and the United States, Defendants advertise their infringing services using the afrochella.com domain name (the "Website"). *See* Exhibit 8.

76.    The domain name afrochella.com was originally registered in 2017 using the United States-based registrar Namecheap Inc. and was only recently transferred to a different registrar in Canada called Tucows, Inc.

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

77.     The Website has a variety of promotional features, which are intended to attract United States-based consumers to Defendants' festival. For example, the "Visit Ghana" page of the website offers several travel packages to Ghana, including a "Flight and Stay Tour" option which includes a nine-day AFROCHELLA experience, originating from Dulles International Airport in Virginia. Screenshots depicting this "Flight and Stay Tour" option are attached as Exhibit 16.

78.     Upon information and belief, a substantial portion of the revenue generated from the travel tours sold on the website accessible at the afrochella.com domain name are from US-based customers.

79.     Indeed, given its focus on the "African Diaspora," the website is clearly directed at United States-based customers (among others) "return[ing] home to the continent." *Id.*

80.     On information and believe, Defendants have in the past sold tickets to the AFROCHELLA festival to US-based consumers via the afrochella.com website and intend to do so again for this year's AFROCHELLA festival.

### *Defendants' Use of the AFROCHELLA Mark Across Social Media*

81.     Defendants' infringing online conduct is not limited to the afrochella.com Website. In fact, Defendants utilize multiple, US-based social media platforms to promote the AFROCHELLA festival and its related products and services, including:

- Facebook (https://www.facebook.com/afrochella);
- YouTube (https://www.youtube.com/c/AfrochellaFestival);
- Instagram (https://www.instagram.com/afrochella/);
- Twitter (http://www.twitter.com/afrochella) [presently suspended];
- LinkedIn (https://www.linkedin.com/company/afrochella/);
- Afrochella-curated music and profiles of "Afrochella Rising Stars" (https://afrochella.com/risingstar) (with a link to Defendants' page on the US-based Apple Music website); and
- Apple Music (https://music.apple.com/us/curator/afrochella/1613980313).

TUCKER ELLIS LLP

Chicago ● Cleveland ● Columbus ● Los Angeles ● San Francisco ● St. Louis

Copies of these Afrochella social media pages are attached as Exhibit 17.

82.    These platforms are not geofenced to prevent them from being seen within the United States, and Defendants have tens of thousands of followers across these platforms. *See* Exhibit 17.

*Defendants' Promotion/Sponsorship of United States-based Events*

83.    In addition to the plethora of United States contacts generated by Defendants' use of the AFROCHELLA mark via the afrochella.com domain name and the many Afrochella social media pages, Defendants have engaged in both promotion and sponsorship of events in the United States using the AFROCHELLA mark.

84.    Based on recent online searches, Defendants have promoted, sponsored, and/or presented at least seven music events in the Los Angeles area this year:

- January 23, 2022 - "Afro Beats in the City" presented by Afrobeat LA and **Afrochella** at the Elevate Lounge at 811 Wilshire Blvd., Los Angeles, CA. *See* https://stayhappening.com/e/afrobeat-in-the-city-E3LUTOQLAYJM.

- May 27, 2022 - Defendants used the **AFROCHELLA** mark in connection with AfriCon 2022, a cultural, musical and educational conference held May 25-28. In connection with AfriCon 2022, Defendants were sponsoring partners and were associated with a music event called "Afro Vibes" at the W Hollywood, 6250 Hollywood    Blvd.,    Hollywood,    CA.    *See* https://www.facebook.com/**afrochella**/posts/pfbid0yLu3GGRcVCbb9gh QpBZTzXVXn2oJwF4uTwLtAKKwqAdFfVWapS6dho3WZdh5LCDBl    and https: //www.africon.global/schedule.  *See*  https://www.africon.global/partners. Defendants promoted this event on **Afrochella's** Facebook page. The event was also    listed    on    the    schedule    on    the    AfriCon    website.    *See* https://www.facebook.com/**afrochella**/posts/pfbid0yLu3GGRcVCbb9ghQpBZ TzXVXn2oJwF4uTwLtAKKwqAdFfVWapS6dho3WZdh5LCDBl and https://ww w.africon.global/schedule.

- June 3, 2022 - "Afrobeat and Hookah" took place at the Fountain LA at 2889 W. Olympic Blvd, Los Angeles, CA. The event was "powered by **AFROCHELLA** and AFROBEAT LA." *See* https://www.eventbrite.com/e/afrobeat-and-hookah-tickets-353461040487?aff =ebdssbdestsearch.

- June 26, 2022 - Defendants presented another music event called "AFROBEAT DAY PARTY 'BET WEEKEND'" presented by **AFROCHELLA** and AFROBEAT LA on at the Elevate Lounge, 811 Wilshire Blvd 21st Floor, Los Angeles, CA. See https://events.eventnoire.com/e/afrobeatdayparty betweekend.

- July 3, 2022 – A music event called "Elegant Sunday Day Party" at the Elevate Lounge was "powered and sponsored by **AFRO CHELLA** AND AFRO FUSION." *See* https://www.vipsocio.com/event/elegantsunday.

- July 31, 2022 - Another music event called "Wakanda Sunday Day Party" was at the Elevate Lounge and was "POWERED BY: **AFRO CHELLA** AND AFROBEAT LA." *See* https://happeningnext.com/event/afrobeats-in-the-city-day-party/eid4snw vml4qd1.

- August 5, 2022 – A music event called "House at the Fountain" featured 4 DJs and a variety of musical styles. The promotional material stated the event was "POWERED BY **AFRO CHELLA**" and was featured on multiple websites. *See* https://stayhappening.com/e/house-at-the-fountain-E3LUVWQ1QG7C; https://happeningnext.com/event/house-at-the-fountain-eid4snwqa3wp31; https://goallevents. com/e/house-at-the-fountain-E10000381445282107; and https://allevents.in/mobile /amp-event.php?event_id=10000381487478317.

Screenshots of these websites are collectively attached as Exhibit 18.

### *Defendants Have No Authority to Use the COACHELLA Marks*

85. Although their widespread use of the infringing and confusing AFROCHELLA mark in the United States is undeniable, Defendants are not affiliated with Plaintiffs, CHELLA, or COACHELLA.

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

86.     Defendants are not licensed, and have never been licensed, to use the COACHELLA Marks.

87.     Defendants had (and continue to have) actual and constructive notice of Plaintiffs' rights in Plaintiffs' federally registered COACHELLA Marks under 15 U.S.C. § 1072.

88.     Defendants' intentional adoption and use of AFROCHELLA to market the AFROCHELLA festival, along with their related products and services, was done with actual knowledge of the COACHELLA Marks.

89.     Defendants intentionally adopted AFROCHELLA specifically because it is similar to the COACHELLA Marks.

90.     Plaintiffs' counsel sent Defendants multiple cease-and-desist letters regarding Plaintiffs' rights in the COACHELLA Marks and Defendants' unauthorized use of AFROCHELLA in connection with live music and similar entertainment events both in Ghana and the United States, including on or about November 14, 2019 (Ghanaian-related activities) and April 19 and May 25, 2022. *See* Exhibit 15.

91.     Despite all of the above, Defendants continue to advertise and promote the AFROCHELLA festival and use the AFROCHELLA mark in the United States and abroad, via Defendants' channels of commerce.

92.     Despite numerous requests by Plaintiffs, Defendants refuse to change the name of the AFROCHELLA festival. Further, Defendants refuse to cease holding and marketing the festival and other events using the AFROCHELLA mark.

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

*Harm to Plaintiffs and the General Public Through Actual Confusion*

93.     Defendants' use of AFROCHELLA has caused actual confusion with Plaintiffs and their COACHELLA Festival. Kelvin (@boateng_og) stated on Twitter that when he first heard the Afrochella name, he thought Coachella was expanding into Africa:



*See* https://twitter.com/@boateng_og. A copy of this Tweet is attached as Exhibit 19.

94.     Similarly, Webiro Wakazi Wassira (@Wakazi) posted on Twitter that the AFROCHELLA festival is actually "Coachella of Africa."



*See* https://twitter.com/@wakazi. A copy of this Tweet is attached as Exhibit 20.

95.     Defendants' unauthorized use of AFROCHELLA, or any similar designation creates more than just a "likelihood" of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants and their event; it creates "actual" confusion, and the use

22

of AFROCHELLA is likely to falsely suggest a sponsorship, connection, license, or association of Defendants with Plaintiffs, despite the fact that no such relationship exists.

96.   Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks, particularly the goodwill and reputation associated therewith.

97.   Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## FIRST CAUSE OF ACTION

### (Infringement of Federally Registered Trademarks and
### Service Marks Under 15 U.S.C. § 1114)

98.   Plaintiffs reallege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth here.

99.   Defendants' use in commerce of the AFROCHELLA mark, the COACHELLA Marks, including the entirety of Plaintiffs' federally registered CHELLA mark, and variations thereof is likely to cause confusion, mistake, or to deceive.

100.   The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

101.   Defendants have unfairly profited from the trademark infringement alleged.

102.   By reason of Defendants' acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks, in amounts to be determined.

103.   Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their federally registered trademarks.

104.   Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

105.   By reason of Defendants' acts and continued recalcitrant behavior, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

106.   By reason of Defendants' willful and repeated acts of trademark infringement and their recalcitrant behavior, Plaintiffs are entitled to damages, and they are entitled to have those damages trebled under 15 U.S.C. § 1117.

107.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Trademark and Service Mark Infringement and
### False Designation of Origin Under 15 U.S.C. § 1125(a))

108.   Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

109.   Defendants' use in commerce of the AFROCHELLA mark, the COACHELLA Marks, including the entirety of Plaintiffs' CHELLA mark and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored, approved by or are affiliated with Plaintiffs, despite the fact that there is no such relationship.

110.   The above-described acts of Defendants constitute trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

111.   Defendants have unfairly profited, and continue to unfairly profit, from the actions alleged.

112.   By reason of the above-described acts of Defendants, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

113.   The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

114.  The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

115.  By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

116.  Because the above-described acts of Defendants were willful and repeated, Plaintiffs are entitled to damages, and entitled to have those damages trebled under 15 U.S.C. § 1117.

117.  This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### (Cybersquatting Under 15 U.S.C. § 1125(d))

118.  Plaintiffs reallege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth here.

119.  Defendants registered in, trafficked in, or used the afrochella.com domain name (the "Infringing Domain Name").

120.  The COACHELLA Marks were distinctive and federally registered at the United States Patent and Trademark Office at the time Defendants registered and used the Infringing Domain Name.

121.  The Infringing Domain Name is confusingly similar to the COACHELLA Marks, including CHELLA, COACHELLA, and COACHELLA (stylized).

122.  Defendants registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from the COACHELLA Marks.

123.  Defendants do not have any intellectual property rights or any other rights in the COACHELLA Marks.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

124.   With the exception of Defendant Afrochella Limited, which improperly adopted its name with the intent to trade off the goodwill of Plaintiffs' COACHELLA festival and the COACHELLA Marks, the Infringing Domain Name does not consist of the legal name of any of the Defendants, nor is the Infringing Domain Name commonly used to identify any of the Defendants.

125.   Defendants have not made any bona fide use of the AFROCHELLA mark or any of the COACHELLA Marks on any website accessible under the Infringing Domain Name.

126.   Defendants registered and used the Infringing Domain Name to divert consumers from Plaintiffs' www.coachella.com website to a website accessible under the Infringing Domain Name for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of their website.

127.   Defendants' registration, use, and/or trafficking in the Infringing Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

128.   By reason of Defendants acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

129.   By reason of Defendants' acts alleged herein, Plaintiffs are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

130.   This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## **FOURTH CAUSE OF ACTION**

### **(Violation of California Unfair Competition**
### **and Common Law Trademark Law)**

131.  Plaintiffs reallege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth here.

132.  Plaintiffs are informed and believe that Defendants are in direct competition with Plaintiffs.

133.  Defendants' willful, knowing, and unauthorized promotion, advertisement, sale and offering for sale in, and directed to, California of infringing goods and services causing confusion as to the source of the goods and causing harm to Plaintiffs' goodwill is an unlawful appropriation of Plaintiffs' exclusive rights in the COACHELLA Marks and variations thereof.

134.  Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, et seq., and under the common law of the State of California.

135.  Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Plaintiffs all profits and property acquired by means of Defendants' unfair competition with Plaintiff.

136.  Due to Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' acts and continuing acts. Plaintiffs' remedy at law is not adequate to compensate for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

137.  Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiffs' rights and with requisite knowledge and intent and, therefore, Plaintiffs are entitled to exemplary or punitive damages under the common law of the

State of California in an amount appropriate to punish Defendants and to make an example of them to the community.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

1.      That the Court enter a judgment against Defendants that Defendants have infringed the rights of Plaintiffs in the COACHELLA Marks that have been federally registered, in violation of 15 U.S.C. §§ 1114 and 1125(a), (d);

2.      That the Court enter a judgment against Defendants that Defendants engaged in unfair competition and deceptive acts and practices in violation of California Business and Professions Code §§ 17200, et seq. and California common law.

3.      That the Court enter a judgment that each of the above acts was willful.

4.      That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, and attorneys, and all other persons who are active concert with or participation with any of them, from:

a.      Engaging in any infringing activity including advertising, promoting, marketing, franchising, selling, and offering for sale any goods or services in connection with the COACHELLA Marks or any similar mark, including but not limited to AFROCHELLA;

b.      Registering or using any social media account that is identical or confusingly similar to the COACHELLA Marks, including but not limited to AFROCHELLA;

c.      Registering, using, transferring (other than to Plaintiff), or trafficking in any domain name that is identical or confusingly similar to the COACHELLA Marks, including the afrochella.com domain name;

d.      Registering or seeking to register AFROCHELLA, or any similar designation, as a trademark in the United States;

e.      Engaging in any unfair competition with Plaintiffs; and

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

28

f.     Engaging in any deceptive acts.

5.     That Plaintiffs be awarded damages for trademark and service mark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

6.     That Plaintiffs be awarded all profits resulting from Defendants' infringement of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

7.     That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

8.     That Plaintiffs be awarded $100,000 per infringing domain name in statutory damages by reason of Defendants' cybersquatting in accordance with the provisions of 15 U.S.C. § 1117.

9.     That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising.

10.     That Plaintiffs be awarded punitive and/or exemplary damages.

11.     That Plaintiffs be awarded prejudgment interest on all infringement damages.

12.     That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, California law, and any other applicable provision of law.

13.     That the Court award Plaintiffs their costs of suit incurred herein.

14.     That the Court award such other or further relief as the Court may deem just and proper.

DATED: October 5, 2022                         Tucker Ellis LLP

                                               By:   /s/ David J. Steele
                                                     David J. Steele

                                               *Attorneys for Plaintiffs*
                                               *Coachella Music Festival, LLC and*
                                               *Goldenvoice, LLC*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC hereby demand a trial by jury to decide all issues so triable in this case.

DATED: October 5, 2022                    Tucker Ellis LLP


By:     /s/David J. Steele
        David J. Steele
        Howard A. Kroll
        Steven E. Lauridsen

        *Attorneys for Plaintiffs*
        *Coachella Music Festival, LLC and*
        *Goldenvoice, LLC*