**STEPTOE & JOHNSON LLP**
Robyn C. Crowther, State Bar No. 193840
rcrowther@steptoe.com
Melanie A. Ayerh, State Bar No. 303211
mayerh@steptoe.com
Tahir L. Boykins, State Bar No. 323441
tboykins@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: 213-439-9400
Fax: 213-439-9599

*Attorneys for Defendants*
AFROCHELLA LIMITED; BBNZ LIVE LIMITED; CULUTRE MANAGEMENT GROUP LIMITED; and DOES 1-20

*(Additional Counsel Listed on the Following Page)*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNNIA**
**WESTERN DIVISION**

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC AND GOLDENVOICE, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>AFROCHELLA LIMITED; BBNZ LIVE LIMTED; CULTURE MANAGEMENT GROUP LIMITED; and DOES 1-20,<br><br>*Defendants*. | Case No.: 2:22-cv-07275<br><br>**DEFENDANTS AFROCHELLA LIMITED, BBNZ LIVE LIMITED, AND CULTURE MANAGEMENT GROUP LIMITED'S FIRST AMENDED ANSWER TO COMPLAINT**<br><br>Complaint filed: October 5, 2022 |

**STEPTOE & JOHNSON LLP**
Michael J. Allan (*Pro Hac Vice* Forthcoming)
*mallan@steptoe.com*
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: 202-429-6749
Fax: 202-429-3902

*Attorney for Defendants*
AFROCHELLA LIMITED; BBNZ LIVE LIMITED; CULUTRE MANAGEMENT GROUP LIMITED; and DOES 1-20

DEFENDANTS' FIRST AMENDED ANSWER TO THE COMPLAINT

Defendants Afrochella Limited, BBNZ Live Limited, and Culture Management Group Limited ("Defendants") hereby file, by and through their undersigned counsel, this First Amended Answer, Affirmative Defenses, and Counterclaims in response to the Complaint filed by Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC ("Plaintiffs"), pursuant to the Federal Rules of Civil Procedure and the Court's individual rules and practices as follows:

## FIRST AMENDED ANSWER TO COMPLAINT

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3.     Defendants admit that they promote, market, and advertise a multi-day music and arts festival in Ghana, Africa, which they named AFROCHELLA, and otherwise denies the allegations set forth in Paragraph 3 of the Complaint.

4.     Defendants admit to inadvertently submitting Application Nos. GH/T/2019/000374 and GH/T/2019/000356 for trademark registration with the Registrar-General's Department for the Republic of Ghana (the "Registrar"). Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 4 of the Complaint.

5.     Defendants deny that they are involved in ongoing trademark infringement and unfair competition in Ghana and otherwise admit the allegations set forth in Paragraph 5 of the Complaint.

6.     Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that, for the limited purposes of this action only, Defendants do not dispute that this Court has jurisdiction over the subject matter of this action with respect to Defendants. Defendants deny the remaining allegations set forth in Paragraph 10.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that, for the limited purposes of this action only, Defendants do not dispute that this Court has supplemental jurisdiction of this Court. Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

## THE PARTIES

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit that Afrochella Limited is a limited liability company organized and existing under the laws of the Republic of Ghana. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit that BBNZ Live Limited is a limited liability company organized and existing under the laws of the Republic of Ghana. Defendants further admit that BBNZ Live Limited is a shareholder of Afrochella Limited. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit that Culture Management Group Limited is a limited liability company organized and existing under the laws of the Republic of Ghana. Defendants further admit that Culture Management Group is a parent company for Afrochella Limited. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

## PLAINTIFFS' CHELLA AND COACHELLA MUSIC FESTIVAL, TRADEMARKS, AND SERVICE MARKS

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth that Plaintiffs have filed numerous oppositions to other similar marks, and otherwise admits the allegations set forth in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56, including subparagraphs (a)-(k), of the Complaint.

57. Paragraph 57 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

## DEFENDANTS' ALLEGED INFRINGING CONDUCT

60. Defendants admit to operating the Afrochella music festival in Accra, Ghana. Except as admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 60 of the Complaint.

61. Defendants admit the upcoming Afrochella music festival is scheduled to take place on December 28, 29, 2022.

62. Defendants admit the Afrochella music festival features musical artists who perform live music for attendees. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint. Defendants' Application to register the AFROCHELLA mark in Ghana remains pending with the Registrar.

69. Defendants admit to filing U.S. Application Serial No. 87/779,676 with the United States Patent and Trademark Office ("USPTO") on February 1, 2018. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 69 of the Complaint.

70. Defendants admit the USTOP issued a correspondence to Defendants dated May 16, 2018. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 70 of the Complaint.

71. Defendants admit the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants admit Plaintiffs issued multiple correspondence to Defendants dated November 14, 2019, April 19, 2022, and May 25, 2022. Except

as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 73 of the Complaint.

74. Defendants admit that they engage in promotions and advertising relating to the AFROCHELLA festival. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 74 of the Complaint.

75. Defendants admit they own the afrochella.com domain name as a means to provide information about the Afrochella music festival in Ghana. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 75 of the Complaint.

76. Defendants denies the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants admit their website afrochella.com provides information about the Afrochella music festival in Ghana. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 77 of the Complaint.

78. Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants admit the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants admit advertising related to the Afrochella music festival can be found on global social media platforms, including Facebook, YouTube, Instagram, Twitter, LinkedIn, and Apple Music, which all boast users from countries all over the world, including users from Ghana. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 81 of the Complaint.

82. Defendants admit the allegations set forth in Paragraph 79 of the Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85. Defendants admit they are not affiliated with Plaintiffs. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 85 of the Complaint.

86. Defendants admit they do not have a license to use any trademarks pertaining to Plaintiff's Coachella music festival. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90. Defendants admit Plaintiffs issued correspondence to Defendants dated November 14, 2019, April 19, 2022, and May 25, 2022. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants admit the allegations set forth in Paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96. Defendants deny the allegations set forth in Paragraph 936 of the Complaint.

97. Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

## FIRST CAUSE OF ACTION

### (Infringement of Federally Registered Trademarks and Service Marks Under 15 U.S.C. § 1114)

98. Defendants reassert their answers for Paragraphs 1-97 of the Complaint as if those responses were fully set forth herein.

99. Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104. Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106. Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107. Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

## SECOND CAUSE OF ACTION

## (Trademark and Service Mark Infringement and

## False Designation of Origin Under 15 U.S.C. § 1125(a))

108. Defendants reassert their answers for Paragraphs 1-107 of the Complaint as if those responses were fully set forth herein.

109. Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110. Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113. Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115. Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116. Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

## THIRD CAUSE OF ACTION

### (Cybersquatting Under 15 U.S.C. § 1125(d))

118. Defendants reassert their answers for Paragraphs 1-117 of the Complaint as if those responses were fully set forth herein.

119. Defendants admit they own the afrochella.com domain name as a means to provide information about the Afrochella music festival in Ghana. Except as admitted herein, Defendants deny the remaining allegations set forth in Paragraph 119 of the Complaint.

120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 of the Complaint.

121. Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122. Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123. Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124. Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125. Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126. Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127. Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128. Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129. Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130. Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Violation of California Unfair Competition and Common Law Trademark Law)

131. Defendants reassert their answers for Paragraphs 1-130 of the Complaint as if those responses were fully set forth herein.

132. Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133. Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134. Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135. Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136. Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137. Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses to the Complaint. In doing so, Defendants do not assume any burden of proof on any issue that is

Plaintiff's burden as a matter of law.  Defendants reserve the right to amend or supplement these defenses as additional facts become known.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim)

1. Plaintiffs have failed to allege facts sufficient to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

2. The claims made in the Complaint are barred in whole or in part, on the basis that the "CHELLA" mark at issue lacks distinctiveness, including without limitation, secondary meaning.

### THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

3. Plaintiffs have failed to diligently prosecute other individuals and/or entities that have made use of the phrases "COACHELLA" and "CHELLA" and have, therefore, abandoned any rights in that purported trademark.  Plaintiffs have further abandoned any rights to the trademark at issue by and through the various assignments in gross.

### FOURTH AFFIRMATIVE DEFENSE
### (No Damages)

4. Plaintiffs have not been damaged in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and, therefore, the relief prayed for in the Complaint cannot be granted.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. Plaintiffs' claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

**(Estoppel)**

6. Plaintiffs' claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

7. Plaintiffs' claims are barred by the doctrine of acquiescence.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve any and all additional defenses available to them under Title 15 of the United States Code or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, including inequitable conduct, in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request denial of all relief requested by Plaintiffs and dismissal of Plaintiffs' claims in their entirety with prejudice, and that the Court enters an order and judgment as follows:

A. Dismissing the Complaint in this action in its entirety with prejudice and entry of judgment in favor of Defendants;

B. Awarding Defendants reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117 and other applicable law;

C. Ordering cancellation of U.S. Trademark Registration No. 5,520,063, and certifying such order to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119; and

D. Granting Defendants such further and other relief as this Court may deem just, lawful or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues triable by jury alleged or relating to this litigation.

Date: December 13, 2022              **STEPTOE & JOHNSON LLP**

By:   /s/ Tahir L. Boykins
     Robyn C. Crowther
     Michael J. Allan
     Tahir L. Boykins
     Melanie A. Ayerh
Attorneys for Defendants
AFROCHELLA LIMITED; BBNZ LIVE LIMITED; CULUTRE MANAGEMENT GROUP LIMITED